IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| L & H TRUCKING COMPANY, INC. | ) | Case No.: 10-06657 |
| | ) | Chapter 11 |
| Debtor. | ) | |

## MOTION FOR AN ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL

The above captioned debtor and debtor in possession (the "Debtor") hereby files this Motion (the "Motion") for entry of the proposed order attached as **Exhibit A** (the "Order"), under sections 361 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtor to use cash collateral and to grant certain liens as adequate protection. In support of this Motion, the Debtor respectfully states as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(M). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105, 361, 362, 363, 1107 and 1108 of the Bankruptcy Code.

### Background

3. On August 16, 2010 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The factual background relating to the Debtor, including its current and historical business operations and the events precipitating its chapter 11 filings, is set forth in detail in the

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

*Affidavit of Glenn A. Longstreth, President, in Support of Chapter 11 Petition and First Day Motions* (the "Longstreth Affidavit") filed concurrently with this Application and incorporated herein by reference.[1]

5. The Debtor has continued in possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No request has been made for the appointment of a trustee or an examiner in this case, and no official committee has yet been appointed by the Office of the United States Trustee.

### Relief Requested

7. By this Motion, the Debtor seeks entry of an order pursuant to section 363 of the Bankruptcy Code authorizing, on an interim basis, (a) the use of Cash Collateral (as defined below), and (b) the granting of certain adequate protection to GE Capital, PNC, Town & Country, and GE Transportation Finance, and to the extent Daimler Trust and Navistar Leasing have interests in cash collateral, Daimler Trust and Navistar Leasing (the "Cash Collateral Lenders") in connection with such use. Specifically, the Debtor seeks authority to use Cash Collateral to fund the operations of its business.

### Pre-Petition Secured Obligations

8. Prior to the Petition Date, the Debtor borrowed certain sums of money from all or some of the Cash Collateral Lenders pursuant to those certain secured financing arrangements, loan agreements, promissory notes, and security agreements (together, the "Prepetition Loan

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Longstreth Affidavit.

MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

Documents"). The noteholders are secured by, <u>inter alia</u>, security interests in substantially all of the Debtor's accounts receivable and inventory (collectively, the "Collateral").

In the operation of the Debtor's business in the ordinary course, the Debtor buys inventory and collects receivables. Accordingly, much of the proceeds of the Collateral are cash or cash equivalents, which constitute "Cash Collateral" as defined by section 363 of the Bankruptcy Code. Specifically, section 363 of the Bankruptcy Code provides, in pertinent part, as follows: "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents,. . . whether existing before or after the commencement of a case under this title. [11 U.S.C. § 363(a)] 10.

The Debtor requires the use of such Cash Collateral to operate its business. Specifically, the Debtor requires the continued use of its cash or cash equivalents to permit it to pay vendors, meet payroll and benefit obligations to its employees, satisfy deposit and payment obligations to utilities and other providers, maintain in effect its insurance policies, preserve and protect its assets, and to generally and otherwise pay obligations critical to continuing the operation of its business.

**Authority for the Requested Relief**

11. Section 363 of the Bankruptcy Code prohibits the use of Cash Collateral unless the party with an interest in the Cash Collateral consents or the Court authorizes such use. Specifically, the Bankruptcy Code provides:

> The Trustee may not use, sell or lease cash collateral . . . unless –
>
> (A) each entity that has an interest in such cash collateral consents; or

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

>>> (B) the court, after notice and hearing, authorizes such use, sale or lease in accordance with the provisions in this section.

11 U.S.C. §363(b)(2).

>> 12. Section 361 of the Bankruptcy Code provides:

> When adequate protection is required under section 362, 363 or 364 of this title of an interest of an entity in property, such adequate protection may be provided by –

>> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease or grant results in a decrease in the value of such entity's interest in such property. . .

11 U.S.C. § 361.

>> 13. To the extent that the Cash Collateral Lenders have interests in the Cash Collateral, the Debtor proposes to provide replacement liens postpetition to the Cash Collateral Lenders in the inventory and accounts receivable accruing postpetition. The replacement lien shall be perfected, enforceable, choate and effective without the necessity of the Cash Collateral Lenders taking any other action, including the filing of any additional security documents with respect thereto. The Debtor proposes that the replacement liens will be granted only to secure an amount equal to the actual amount of Cash Collateral used by the Debtor.

>> 14. If the Debtor is unable to utilize the Cash Collateral or secure postpetition financing, the Debtor may be forced to shut down its business operations.[2] Interruption of the Debtor's business will severely impair the value of its estate and assets. The Debtor believes its value as a going concern is significantly greater than the liquidation value of its assets. As a consequence, the Debtor's creditors are likely to receive significantly less if the Debtor ceases

---

[2] The Debtor is currently negotiating a post-petition DIP financing facility with prospective lenders.

MAGEE GOLDSTEIN
LASKY & SAYERS, PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

operations than they would if the Debtor is authorized to use Cash Collateral and remain in business.

15. Notice of this Application has been given to: (i) the 20 largest unsecured creditors; (ii) the Office of the United States Trustee; (iii) the Pennsylvania Department of Revenue; (iv) all of Debtor's known creditors; and (v) all parties known to be affected by this pleading.

## No Prior Request

17. No previous motion for the relief sough herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, approving the relief set forth above, and granting such other and further relief as the Court deems appropriate.

Dated: August 20, 2010

Respectfully submitted,

L & H TRUCKING COMPANY, INC.

By: /s/ A. Carter Magee, Jr.
MAGEE GOLDSTEIN LASKY & SAYERS, P.C.
A. Carter Magee, Jr., Esq. (VSB #20284)
Andrew S. Goldstein, Esq. (VSB #28421)
W. Joel Charboneau, Esq. (VSB #68025)
Garren R. Laymon, Esq. (VSB #75112)
Post Office Box 404
Roanoke, Virginia 24003-0404
Telephone: (540) 343-9800
Facsimile: (540) 343-9898
Electronic Mail: cmagee@mglspc.com
*Counsel for the Debtor*

By: /s/ Lawrence V. Young, Esq.
CGA LAW FIRM

MAGEE GOLDSTEIN LASKY & SAYERS
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

Lawrence V. Young, Esq. (PSB #21009)
135 North George Street
York, Pennsylvania 17401
Telephone: (717) 718-7110
Facsimile: (717) 843-9039
Email: lyoung@cgalaw.com

*Co-Counsel for the Debtor*

U:\A CLIENTS\L&H Trucking, Inc 2374\-01 Chapter 11\Pleadings\First Day Motions\Cash Collateral\Motion - Cash Collateral.docx

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW