IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| L & H TRUCKING COMPANY, INC. | ) | Case No.: 10-06657 |
| | ) | Chapter 11 |
| Debtor. | ) | |

**MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO OBTAIN DEBTOR IN POSSESSION FINANCING FROM LAWSON AND HELEN LONGSTRETH PURSUANT TO 11 U.S.C. §§ 364(c), (d), 503(b)(1) AND RULES 4001(c), (d) AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

The above-captioned debtor and debtor-in-possession ("Debtor") hereby moves this Court for entry of an order ("Order") substantially in the form attached hereto as **Exhibit A** authorizing the Debtor to obtain debtor in possession financing (the "DIP Financing") pursuant to 11 U.S.C. §§ 364(c), (d), 503(b)(1) of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code") and in accordance with Rules 4001(c), (d) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtor respectfully states as follows:

## Jurisdiction

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408, 1409.

2. The statutory predicates for the relief requested herein are §§ 105, 364(c), (d) and 503(b)(1) of the Bankruptcy Code.

MAGEE GOLDSTEIN
LASKY & SAYERS P.C.
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

**Background**

3. On the Petition Date, as defined in the Application of Debtor and Debtor-In-Possession for an Order Authorizing the Retention and Employment of Magee Goldstein Lasky & Sayers, P.C. as Counsel for the Debtor filed on August 16, 2010, the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The factual background relating to the Debtor, including its current and historical business operations and the events precipitating its chapter 11 filing, is set forth in detail in the *Affidavit of Glenn A. Longstreth, President, in Support of Chapter 11 Petition and First Day Motions* (the "Longstreth Affidavit").

5. The Debtor continues in possession of its property and continues to operate and manage its business as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. No request has been made for the appointment of a trustee or an examiner in this case, and no official committee has been appointed by the Office of the United States Trustee.

7. General Electric Capital Corporation ("GECC") has agreed to provide post-petition secured financing to Debtor subject to approval of this Court (the "GECC DIP Facility").

**Relief Requested**

8. By this Motion, the Debtor seeks entry of an order pursuant to §§ 364(c), (d) and 503(b)(1) of the Bankruptcy Code authorizing the Debtor to obtain post-petition secured financing ("DIP Financing") from Lawson E. Longstreth and Helen M. Longstreth (the "DIP

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

Lenders")[1]. The proposed DIP Financing is a 24-month $250,000.00 revolving line of credit bearing interest at 5% per annum (the "DIP Facility"). A copy of the Revolving Credit and Security Agreement (the "DIP Financing Agreement") is attached hereto as **Exhibit B**.

9. For consideration received, and to induce the DIP Lenders to finance the DIP Facility, the Debtor is willing to grant liens on the following collateral, subject to any and all existing liens and encumbrances thereon:

(i) <u>Furniture, Fixtures, Equipment, Inventory and All Other Assets.</u> All of Debtor's furniture, fixtures, machinery, equipment, inventory and all other assets of every kind and description wheresoever located, including, without limitation, all trucks, tractors, trailers and returned or repossessed inventory.

(ii) <u>Antique Trucks.</u> All of Debtor's restored and unrestored antique trucks, trailers and accessories.

(iii) <u>Insurance Cooperative Interest.</u> All of Debtor's ownership and/or participation interest in or pertaining to Charter Partners Insurance Company.

(iv) <u>Risk Retention Claim.</u> all of Debtor's interest in and to any payment, reimbursement, award and/or settlement relating to or arising from Debtor's pending litigation claim against Carrier Solutions Risk Retention Group.

In addition, Glenn A. Longstreth and his ex-wife, Lamanda M. Sullivan, will likely grant a mortgage for the benefit of the DIP Lenders on the two parcels of real estate located in Penn Township, York County, Pennsylvania on which the Debtor's operations are conducted

MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

---

[1] Lawson E. and his wife Helen M. are owners of 15.9% of the common stock of the Debtor, unsecured creditors with claims against the estate, and employees. Together the Longstreths are insiders as defined in the Bankruptcy Code.

3

(the "Additional DIP Collateral") to secure the DIP Facility[2]. It is the Debtor's intention that the DIP Lenders be cross-collateralized by the DIP Collateral and the Additional DIP Collateral.

10.  The Debtor proposes to indemnify the DIP Lenders from any liability arising from the Debtor's non-payment of any outstanding DIP Financing owed on the DIP Facility. Notwithstanding any other provision in this Motion, the Debtor's indemnification obligation shall be limited to the amount of the outstanding debt owed by Debtor to the DIP Lenders.

11.  The DIP Financing Agreement between the Debtor, the DIP Lenders, and Glenn A. Longstreth and Lamanda M. Sullivan is attached as **Exhibit B** and describes the terms of the agreement as required by Bankruptcy Rule 4001(c).

## Basis for Relief

12.  Section 364(c) provides that the court may "authorize the obtaining of credit or the incurring of debt - …(2) secured by lien on property of the estate that is not otherwise subject to a lien; or (3) secured by a junior lien on property of the estate that is subject to a lien." 11 U.S.C. § 364(c).

13.  Without the ability to obtain funds through the DIP Facility, the Debtor will be unable to continue its operations, pay critical vendors, meet its payroll, pay other necessary business expenditures, and administer and preserve the value of its estate. The ability of the Debtor to finance its operations requires the additional availability of working capital provided by the DIP Facility, the absence of which would immediately and irreparably harm the Debtor, its estate, and its creditors.

---

[2] Counsel for Lamanda M. Sullivan was not able to review the DIP Financing Agreement by the time this Motion was filed. It is anticipated that counsel will review the DIP Financing Agreement by the close of business on Monday, August 23, 2010.

MAGEE GOLDSTEIN LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

## Post-Petition Financing and Collateral

14. The Debtor does not have sufficient sources of working capital financing to meet its short term and projected obligations including, but not limited to, payment of critical vendors, and consequently, it is essential that the Court approve the DIP Facility. As with the use of cash collateral if the DIP Financing is not approved, the Debtor's operations will be severely disrupted and the Debtor's operations as a going concern will be in jeopardy.

15. Because of the limited amount and terms of credit provided by the GECC DIP Facility, the Debtor needs approval of the DIP Facility to supplement its post-petition cash flow to keep its operations running.

16. The Debtor is unable to obtain the necessary financing on more favorable terms than those offered by the DIP Lenders as provided in the DIP Financing Agreement. The Debtor contacted several financial institutions to inquire about DIP Financing. The DIP Lenders' terms were the most favorable. The key terms of the DIP Financing are:

(a) Interest Rate: 5% per annum

(b) Maturity: 24 months with call option

(c) Payments: Interest only until maturity

(d) Events of Default: Failure to pay interest installment within 30 days; failure to pay Note at maturity; dismissal of this case; conversion of this case to a case under chapter 7 of the Bankruptcy Code; or breach of any term, provision or covenant under the DIP Facility notes, security agreements, title lien documents, and mortgage documents

(e) Security: DIP Collateral and Additional DIP Collateral

(f) Revolving Line of Credit: $250,000.00

MAGEE GOLDSTEIN LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

17. The DIP Lenders are willing to provide the DIP Facility only upon the terms and conditions set forth in this Motion, the DIP Financing Agreement, the Loan Documents, as defined in the DIP Financing Agreement, and any related collateral documents.

18. The terms of the DIP Facility have been negotiated in good faith and at arm's length between the Debtor, Glenn A. Longstreth, Lamanda M. Sullivan, and the DIP Lenders, each side having been represented by Counsel, and the terms reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties. The terms are fair and reasonable under the circumstances, and are enforceable in accordance with applicable law.

## Notice

19. Notice of this Motion has been given to: (i) the 20 largest unsecured creditors; (ii) the Office of the United States Trustee; (iii) the Pennsylvania Department of Revenue; (iv) all of Debtor's known creditors; and (v) all parties known to be affected by this pleading.

## No Prior Request

20. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, L & H Trucking Company, Inc., by counsel, respectfully requests that the Court (i) enter an order substantially in the form attached hereto and (ii) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

L & H TRUCKING COMPANY, INC.

By: /s/ A. Carter Magee, Jr.

MAGEE GOLDSTEIN LASKY & SAYERS, P.C.
A. Carter Magee, Jr., Esq. (VSB #20284)
Andrew S. Goldstein, Esq. (VSB #28421)

MAGEE GOLDSTEIN LASKY & SAYERS
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

W. Joel Charboneau, Esq. (VSB #68025)
Garren R. Laymon, Esq. (VSB #75112)
Post Office Box 404
Roanoke, Virginia  24003-0404
Telephone:  (540) 343-9800
Facsimile:  (540) 343-9898
Electronic Mail: cmagee@mglspc.com
*Counsel for the Debtor*

By:
/s/ Lawrence V. Young, Esq.
CGA LAW FIRM
Lawrence V. Young, Esq. (PSB #21009)
135 North George Street
York, Pennsylvania 17401
Telephone: (717) 718-7110
Facsimile: (717) 843-9039
Email: lyoung@cgalaw.com
*Co-Counsel for the Debtor*

## Certificate of Service

I certify that on August 20, 2010, I served a copy of the Motion for an Order Authorizing the Debtor to Obtain Debtor in Possession Financing Pursuant to 11 U.S.C. §§ 364(b), 503(b)(1) and a copy of the proposed Order upon the United States Trustee and the attached service list by first class United States Postal Service and on the same date, I filed this Certificate of Service with the United States Bankruptcy Court for the Middle District of Pennsylvania.

/s/  A. Carter Magee, Jr.

U:\A CLIENTS\L&H Trucking, Inc 2374\-01 Chapter 11\Pleadings\First Day Motions\DIP Financing\Motion - DIP Financing.docx

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW