IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

IN RE:                                     )
                                           )
L & H TRUCKING COMPANY, INC.               )          Case No.: 10-06657
                                           )          Chapter 11
Debtor.                                    )

**AMENDED MOTION FOR AN ORDER AUTHORIZING THE DEBTOR TO OBTAIN DEBTOR IN POSSESSION FINANCING FROM LAWSON AND HELEN LONGSTRETH PURSUANT TO 11 U.S.C. §§ 105(a),, 361, 363, AND 364 AND RULES 4001(c), (d) AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

The above-captioned debtor and debtor-in-possession ("Debtor") hereby moves this Court for entry of an order ("Order") substantially in the form attached hereto as **Exhibit A** authorizing the Debtor to obtain debtor in possession financing (the "DIP Financing") pursuant to 11 U.S.C. §§ 105(a), 361, 363, and 364 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code") and in accordance with Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtor respectfully states as follows:

## Jurisdiction

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408, 1409.

2. The statutory predicates for the relief requested herein are §§ 105(a), 361, 363, and 364 of the Bankruptcy Code.

MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

1

## Background

3. On August 16, 2010 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The factual background relating to the Debtor, including its current and historical business operations and the events precipitating its chapter 11 filing, is set forth in detail in the *Affidavit of Glenn A. Longstreth, President, in Support of Chapter 11 Petition and First Day Motions* (the "Longstreth Affidavit").

5. The Debtor continues in possession of its property and continues to operate and manage its business as a debtor in possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

6. No request has been made for the appointment of a trustee or an examiner in this case, and no official committee has been appointed by the Office of the United States Trustee.

7. Subject to approval of this Court, General Electric Capital Corporation ("GECC") has agreed to allow the Debtor to use cash collateral in accordance with GECC's Financing Agreement, as defined and modified in GECC's Interim Order Authorizing Post-Petition Secured Financing And Use Of Cash Collateral, provided Lawson and Helen Longstreth provide a $499,000.00 loan facility to Debtor, as set forth in Paragraph 8 herein, $369,000.00 of which will be paid by Debtor to GECC to pay down the outstanding obligations owed to GECC pursuant to GECC's Financing Agreement.

## Relief Requested and Basis for Relief

8. By this Amended Motion, the Debtor seeks entry of an order pursuant to §§105(a), 363, and 364 of the Bankruptcy Code authorizing the Debtor to obtain post-petition financing (the "Longstreth DIP Financing") from Lawson E. Longstreth and Helen M.

MAGEE GOLDSTEIN
LASKY & SAYERS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

Longstreth (the "DIP Lenders"). The DIP Lenders have committed to and will lend $499,000.00 to the Debtor, or on its behalf. Of the $499,000.00 loan, $30,000.00 has been advanced to Debtor to pay for fuel and as of this date, $369,000.00 will be paid directly to GECC to pay down GECC's asset based loan evidenced by GECC's Financing Agreement, as amended, and $100,000.00 will be delivered to an escrow trust account to be held by Magee Goldstein Lasky & Sayers, P.C., Debtor's counsel, in trust for the benefit of the Debtor's professionals as a "carve out" for professional fees and expenses.

9. For consideration received, and to induce the DIP Lenders to lend money to the Debtor, Glenn A. Longstreth is willing to grant liens, evidenced by a mortgage, on his interest in the approximately 13-acre parcel of land and the approximately 23-acre parcel of land located in Penn Township, York County, Pennsylvania on which the Debtor operates (the "DIP Collateral"). Currently, both tracts are owned by Glenn A. Longstreth and his ex-wife, Lamanda M. Sullivan. The liens granted by the mortgage will be subject to any and all existing liens and encumbrances on said tracts, including the liens of M&T Bank. It is anticipated that Lamanda M. Sullivan will also sign the mortgage.

10. The Longstreth DIP Financing is evidenced by the Longstreth DIP Loan Agreement ("Agreement") between the Debtor, the DIP Lenders, Glenn A. Longstreth and Lamanda M. Sullivan, a copy of which Agreement is attached as **Exhibit B** and describes the terms of the agreement as required by Bankruptcy Rule 4001(c).

### Basis for Relief

11. Section 105(a) of the Bankruptcy Code authorizes, and Sections 361, 363 and 364 contemplate, that the court will enter any necessary or appropriate order. Section 364(b) authorizes a debtor to obtain unsecured credit.

MAGEE GOLDSTEIN LASKY & SAYERS ᴘ.ᴄ.
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

12. Without the ability to obtain funds through the Longstreth DIP Financing, the Debtor will be unable to continue its operations, pay critical vendors, meet its payroll, pay other necessary business expenditures, and administer and preserve the value of its estate. The ability of the Debtor to finance its operations requires the additional availability of working capital provided by the Longstreth DIP Financing, the absence of which would immediately and irreparably harm the Debtor, its estate, and its creditors. Additionally, without the proceeds of the Longstreth DIP Financing, the Debtor will not be able to obtain the use of cash collateral.

### **Post-Petition Financing and Collateral**

13. The Debtor does not have sufficient sources of working capital financing to meet its short term and projected obligations including, but not limited to, payment of critical vendors, and consequently, it is essential that the Court approve the Longstreth DIP Financing. As with the use of cash collateral, if the Longstreth DIP Financing is not approved, the Debtor's operations will be severely disrupted and the Debtor's operations as a going concern will be in jeopardy.

14. Because of the terms and limited amount of credit provided under GECC's Financing Agreement, as amended, the Debtor needs approval of the Longstreth DIP Financing to supplement its post-petition cash flow to keep its operations running.

15. The Debtor is unable to obtain the necessary financing on more favorable terms than those offered by the DIP Lenders as provided in the Longstreth DIP Loan Agreement. The financing is nonrecourse with regard to the Debtor, and no other lender would loan nonrecourse money to the Debtor. The key terms of the Longstreth DIP Financing are:

    (a)    Interest Rate: 5% per annum

    (b)    Maturity: Demand

MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

(c) Payments: Interest accrues until demand is made

(d) Events of Default: Failure to pay interest installment within 30 days; failure to pay Note at maturity; dismissal of this case; conversion of this case to a case under chapter 7 of the Bankruptcy Code; or breach of any term, provision or covenant under the Longstreth DIP Financing notes, security agreements, title lien documents, and mortgage documents

(e) Security: DIP Collateral

(f) One-Time Cash Infusion: $469,000.00

16. The DIP Lenders are willing to provide the Longstreth DIP Financing only upon the terms and conditions set forth in this Motion, the Longstreth DIP Loan Agreement, the Loan Documents, as defined in the Longstreth DIP Loan Agreement, and any related collateral documents.

17. The terms of the Longstreth DIP Financing have been negotiated in good faith and at arm's length between the parties and the DIP Lenders, each side having been represented by counsel, and the terms reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties. The terms are fair and reasonable under the circumstances, and are enforceable in accordance with applicable law.

**Notice**

18. Notice of this Motion has been given to: (i) the 20 largest unsecured creditors; (ii) the Office of the United States Trustee; (iii) the Pennsylvania Department of Revenue; (iv) all of Debtor's known creditors; and (v) all parties known to be affected by this pleading.

MAGEE GOLDSTEIN
LASKY & SAYERS ₚc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

## No Prior Request

19.	No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, L & H Trucking Company, Inc., by counsel, respectfully requests that the Court (i) enter an order substantially in the form attached hereto and (ii) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

L & H TRUCKING COMPANY, INC.

By: /s/ A. Carter Magee, Jr.

MAGEE GOLDSTEIN LASKY & SAYERS, P.C.
A. Carter Magee, Jr., Esq. (VSB #20284)
Andrew S. Goldstein, Esq. (VSB #28421)
W. Joel Charboneau, Esq. (VSB #68025)
Garren R. Laymon, Esq. (VSB #75112)
Post Office Box 404
Roanoke, Virginia 24003-0404
Telephone: (540) 343-9800
Facsimile: (540) 343-9898
Electronic Mail: cmagee@mglspc.com
*Counsel for the Debtor*

By:
/s/ Lawrence V. Young, Esq.
CGA LAW FIRM
Lawrence V. Young, Esq. (PSB #21009)
135 North George Street
York, Pennsylvania 17401
Telephone: (717) 718-7110
Facsimile: (717) 843-9039
Email: lyoung@cgalaw.com
*Co-Counsel for the Debtor*

## Certificate of Service

I certify that on August 26, 2010, I served a copy of the Motion for an Order Authorizing the Debtor to Obtain Debtor in Possession Financing Pursuant to 11 U.S.C. §§ 364(b), 503(b)(1) and a copy of the proposed Order upon the United States Trustee and the attached service list by

MAGEE GOLDSTEIN
LASKY & SAYERS
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

first class United States Postal Service and on the same date, I filed this Certificate of Service with the United States Bankruptcy Court for the Middle District of Pennsylvania.

                                             /s/ A. Carter Magee, Jr.

U:\A CLIENTS\L&H Trucking, Inc 2374\-01 Chapter 11\Pleadings\First Day Motions\DIP Financing\Amended DIP Financing\Amended Motion - DIP Financing.docx

MAGEE GOLDSTEIN LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW