# EXHIBIT B

Longstreth DIP Loan Agreement

## LONGSTRETH DIP LOAN AGREEMENT
(DIP Loan Facility for L & H Trucking Company, Inc.)

LONGSTRETH DIP LOAN AGREEMENT ("Agreement") dated as of August 25, 2010 between L & H Trucking Company, Inc., a Pennsylvania corporation (the "Borrower"); Lawson E. Longstreth, Sr., and Helen M. Longstreth (collectively referred to herein as the "Lenders"); and Glenn A. Longstreth and Lamanda M. Sullivan (collectively referred to herein as the "Third Parties").

### RECITALS

A. The parties hereto acknowledge that Borrower has filed for protection under Chapter 11 of the United States Bankruptcy Code for the Middle District of Pennsylvania, Harrisburg Division (Case No.: 10-06657), and has requested from the Lenders a debtor-in-possession loan facility ("DIP Loan Facility") to assist Borrower in continuing operations during the bankruptcy proceeding.

B. Lenders are willing to provide the DIP Loan Facility set forth herein to Borrower subject to the terms and conditions hereof.

C. The Third Parties hereby acknowledge that they are benefitted by the granting of the DIP Loan Facility to Borrower by Lenders and are willing to give a mortgage on certain real property they own located in Penn Township, York County, Pennsylvania, as collateral for the DIP Loan Facility.

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein and other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

### ARTICLE I
### DEFINITIONS

SECTION 1.01    Defined Terms. As used in this Agreement, the following terms have the following meanings (terms defined in the singular to have the same meaning when used in the plural and vice versa):

"Business Day" means any day other than a Saturday, Sunday, or other day on which commercial banks in Pennsylvania are authorized or required to close under the laws of the State of Pennsylvania.

"DIP Loan Facility" means the $499,000.00 credit facility extended to Borrower by Lenders as provided hereunder.

Page 2 of 8

Case 1:10-bk-06657-RNO    Doc 63-2    Filed 08/26/10    Entered 08/26/10 16:30:01    Desc
Exhibit Exhibit B - Longstreth DIP Loan Agreement    Page 2 of 8

"Effective Date" means the date this Agreement, the DIP Loan Facility and the Note is approved by the Bankruptcy Court.

"Lien" means any mortgage, deed of trust, pledge, security interest, hypothecation, assignment, deposit arrangement, encumbrance, lien (statutory or other), or preference, priority, or other security agreement or preferential arrangement, charge, or encumbrance of any kind or nature whatsoever.

"Loan Documents" means this Agreement, the Note, Mortgage and all other documents executed and delivered in connection with the DIP Loan Facility.

## ARTICLE II
## AMOUNT AND TERMS OF THE LOANS

SECTION 2.01 DIP Loan. The Lenders agree on the terms and conditions hereinafter set forth, to make a loan to the Borrower in the aggregate amount of Four Hundred Ninety-Nine Thousand Dollars ($499,000.00) (the "Loan"). Borrower hereby acknowledges that Lenders have advanced $30,000.00 of the principal amount of the Loan.

SECTION 2.02 Notice and Manner of Borrowing. The Lenders shall fund the balance of the Loan to Borrowers upon fulfillment of the applicable conditions set forth in Article III.

SECTION 2.03 Interest. The Borrower shall pay interest to the Lenders on the outstanding and unpaid principal amount of the Loan at a rate per annum equal to Five Percent (5%). Interest shall accrue during the term of the Note to be paid upon demand.

SECTION 2.04 Note. The Loan made by the Lenders under this Agreement shall be evidenced by, and repaid with interest in accordance with, a single promissory note ("Note") of the Borrower in substantially the form of Exhibit A duly completed, in the principal amount of Four Hundred Ninety-Nine Thousand Dollars ($499,000.00), dated the date of this Agreement, issued to the Lenders, and payable on demand.

SECTION 2.05 Prepayments. The Borrower may prepay the Note in whole or in part at any time with accrued interest to the date of such prepayment on the amount prepaid without penalty.

SECTION 2.06 Use of Proceeds. The proceeds of the Loan hereunder shall be disbursed by the Borrower as follows: (i) $369,000.00 to General Electric Capital Corporation ("GECC") to pay down Borrower's outstanding obligation to GECC under that certain Transportation Accounts Financing and Security Agreement, as amended; and (ii) $100,000.00 to Magee Goldstein Lasky & Sayers, P.C. to be held in trust for the benefit of the Borrower's professionals for the payment of professional fees and expenses.

Page 3 of 8

Case 1:10-bk-06657-RNO    Doc 63-2    Filed 08/26/10    Entered 08/26/10 16:30:01    Desc
Exhibit Exhibit B - Longstreth DIP Loan Agreement    Page 3 of 8

# ARTICLE III
# CONDITIONS PRECEDENT

SECTION 3.01    Condition Precedent to Loan. The obligation of the Lenders to make the Loan to the Borrower is subject to the condition precedent that the Lenders shall have received on or before the day of such Loan, unless otherwise specifically waived by the Lenders, each of the following, in form and substance satisfactory to the Lenders:

(1)    Note. The Note duly executed by the Borrower.

(2)    Mortgage.  A mortgage duly executed by the Third Parties and recorded in the Office of the Recorder of Deeds granting a Lien on the following tracts: (i) that certain unimproved 13.084 acres tract, more or less, located in Penn Township, York County, State of Pennsylvania and identified as Parcel Number: 67-44-000-ED-0006-C0-00000; and (ii) that certain improved 21.944 acres, more or less, tract located in the aforesaid Township and identified as Parcel Number: 67-44-000-ED-0035-J0-00000 (the "Mortgage").

(3)    Evidence of Bankruptcy Court Approval. Receipt of a copy of the Bankruptcy Order approving the DIP Loan Facility and this Agreement.

(4)    Evidence of All Corporate Action by the Borrower. Certified (as of the date of this Agreement) copies of all corporate action taken by the Borrower, including resolutions of its Board of Directors, authorizing the execution, delivery, and performance of the Loan Documents to which it is a party and each other document to be delivered pursuant to this Agreement.

# ARTICLE IV
# REPRESENTATION AND WARRANTIES

The Borrower represents and warrants to the Lenders that:

SECTION 4.01    Incorporation, Good Standing, and Due Qualification. The Borrower is a corporation duly incorporated, validly existing, and in good standing under the laws of the jurisdiction of its incorporation; has the corporate power and authority to own its assets and to transact the business in which it is now engaged or proposed to be engaged in; and is duly qualified as a foreign corporation and in good standing under the laws of each other jurisdiction in which such qualification is required.

SECTION 4.02    Corporate Power and Authority. The execution, delivery, and performance by the Borrower of the Loan Documents have been duly authorized by all necessary corporate action and do not and will not (1) require any consent or approval of the stockholders of such corporation; (2) contravene such corporation's charter or bylaws; (3) violate any provision of any law, rule, regulation, order, writ, judgment, injunction, decree, determination, or award presently in effect having applicability to such corporation; and (4) has been approved by

Page 4 of 8

Case 1:10-bk-06657-RNO    Doc 63-2    Filed 08/26/10    Entered 08/26/10 16:30:01    Desc
Exhibit Exhibit B - Longstreth DIP Loan Agreement    Page 4 of 8

the Bankruptcy Court.

## ARTICLE V
## AFFIRMATIVE COVENANTS

Subject to the bankruptcy proceeding, so long as the Note shall remain unpaid, the Borrower will:

SECTION 5.01    <u>Maintenance of Existence.</u> Preserve and maintain its corporate existence and good standing in the jurisdiction of its incorporation, and qualify and remain qualified, as a foreign corporation in each jurisdiction in which such qualification is required.

SECTION 5.02    <u>Maintenance of Records.</u> Keep adequate records and books of account in which complete entries will be made in accordance with generally accepted accounting principles consistently applied, reflecting all financial transactions of the Borrower.

SECTION 5.03    <u>Maintenance of Properties.</u> Maintain, keep, and preserve all of its properties (tangible and intangible) necessary or useful in the proper conduct of its business in good working order and condition, ordinary wear and tear excepted.

SECTION 5.04    <u>Conduct of Business.</u> Continue its business operations as conducted by it on the date of this Agreement.

SECTION 5.05    <u>Maintenance of Insurance.</u> Maintain insurance with financially sound and reputable insurance companies or associations in such amounts and covering such risks as are usually carried by companies engaged in the same or a similar business and similarly situated, which insurance may provide for reasonable deductibility from coverage thereof.

## ARTICLE VI
## COLLATERAL

To secure the repayment of the Loan extended hereunder to Borrower, the Third Parties hereby grant a Lien on the following property which shall be evidenced by the Mortgage referenced below, all of which shall hereafter be referred to collectively as the "Collateral", and which shall be subject to any existing liens and encumbrances thereon, including, without limitation, M&T Bank's judgment against the Third Parties.

SECTION 6.01    <u>Mortgage.</u>  Mortgage on the following parcels or tracts of real property owned by the Third Parties: (i) that certain unimproved 13.084 acres tract, more or less, located in Penn Township, York County, State of Pennsylvania and identified as Parcel Number: 67-44-000-ED-0006-C0-00000; and (ii) that certain improved 21.944 acres, more or less, tract located in the aforesaid Township and identified as Parcel Number: 67-44-000-ED-0035-J0-00000.

Page 5 of 8

Case 1:10-bk-06657-RNO    Doc 63-2    Filed 08/26/10    Entered 08/26/10 16:30:01    Desc
Exhibit Exhibit B - Longstreth DIP Loan Agreement    Page 5 of 8

## ARTICLE VII
## EVENTS OF DEFAULT

SECTION 7.01    Events of Default. If any of the following events (hereinafter referred to as "Events of Default") shall occur:

(1)    The Borrower shall fail to pay the principal indebtedness and all accrued but unpaid interest due under the Note upon demand made therefor;

(2)    Any representation or warranty made or deemed made by the Borrower in this Agreement or which is contained in any certificate, document, opinion, or financial or other statement furnished at any time under or in connection with any Loan Document shall prove to have been incorrect in any material respect on or as of the date made or deemed made;

(3)    The Borrower shall fail to perform or observe any term, covenant, or agreement contained in any Loan Document (other than the Note) to which it is a party on its part to be performed or observed within fifteen (15) business days following receipt of written notice of its default;

(4)    The security interest in the Collateral shall be contested by the Borrower, or the Borrower shall deny it has any further liability or obligation under this Agreement, or the Borrower shall fail to perform any of its obligations under this Agreement on a timely basis; or

(5)    The dismissal of the Chapter 11 Bankruptcy Case or the conversion of the case to a Chapter 7 case under the Code;

then, and in any such event, the Lenders may, by notice to the Borrower, declare the Note, all interest thereon, and all other amounts payable under this Agreement to be forthwith due and payable, whereupon the Note, all such interest, and all such amounts shall become and be forthwith due and payable, without presentment, demand, protest, or further notice of any kind, all of which are hereby expressly waived by the Borrower. The Lenders shall have all rights and remedies as provided by law and hereunder upon the occurrence of an Event of Default.

## ARTICLE VIII
## MISCELLANEOUS

SECTION 8.01    Amendments, Etc. No amendment, modification, termination, or waiver of any provision of any Loan Document to which the Borrower is a party, nor consent to any departure by the Borrower from any Loan Document to which it is a party, shall in any event be effective unless the same shall be in writing and signed by the Lenders, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

SECTION 8.02    Notices, Etc. All notices and other communications provided for

Page 6 of 8

Case 1:10-bk-06657-RNO    Doc 63-2    Filed 08/26/10    Entered 08/26/10 16:30:01    Desc
Exhibit Exhibit B - Longstreth DIP Loan Agreement    Page 6 of 8

under this Agreement and under the other Loan Documents to which the Borrower is a party shall be in writing and mailed by registered or certified mail, return receipt requested, or hand delivered, if to the Borrower, at its address at 860 Gitts Run Road, Hanover, Pennsylvania 17331, Attention: Glenn A. Longstreth; if to the Lenders, at their address at 6598 York Road, Spring Grove, Pennsylvania 17362, Attention: Helen M. and Lawson E. Longstreth, Sr.; and if to the Third Parties, at the address heretofore given to the parties hereto; or, as to each party, at such other address as shall be designated by such party in a written notice to the other party complying as to delivery with the terms of this Section 8.02. All such notices and communications shall be effective when received by the recipient.

SECTION 8.03    No Waiver; Remedies. No failure on the part of the Lenders to exercise, and no delay in exercising, any right, power, or remedy under any Loan Documents shall operate as a waiver thereof; nor shall any single or partial exercise of any right under any Loan Documents preclude any other or further exercise thereof or the exercise of any other right. The remedies provided in the Loan Documents are cumulative and not exclusive of any remedies provided by law.

SECTION 8.04    Successors and Assigns. This Agreement shall be binding upon and inure to the benefit of the Borrower, the Third Parties and the Lenders and their respective representatives, heirs, successors and assigns, except that the Borrower may not assign or transfer any of its rights under any Loan Document to which the Borrower is a party without the prior written consent of the Lenders.

SECTION 8.05    Costs, Expenses, and Taxes. The Borrower agrees to pay on demand all costs and expenses in connection with the preparation, execution, delivery, filing, recording, and administration of any of the Loan Documents. In addition, the Borrower shall pay any and all stamp and other taxes and fees payable or determined to be payable in connection with the execution, delivery, filing, and recording of any of the Loan Documents and the other documents to be delivered under any such Loan Documents, and agrees to save the Lenders harmless from and against any and all liabilities with respect to or resulting from any delay in paying or omission to pay such taxes and fees.

SECTION 8.06    Governing Law. This Agreement and the Note shall be governed by, and construed in accordance with, the laws of the State of Pennsylvania.

SECTION 8.07    Severability of Provisions. Any provision of any Loan Document which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions of such Loan Document or affecting the validity or enforceability of such provision in any other jurisdiction.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the date first above written.

Page 7 of 8

Case 1:10-bk-06657-RNO    Doc 63-2    Filed 08/26/10    Entered 08/26/10 16:30:01    Desc
Exhibit Exhibit B - Longstreth DIP Loan Agreement    Page 7 of 8

"BORROWER"

L & H Trucking Company, Inc.,
a Pennsylvania corporation

By:_____

Print Name:_____

Its:_____




"LENDERS"

_____
Lawson E. Longstreth, Sr.

_____
Helen M. Longstreth

"THIRD PARTIES"

_____
Glenn A. Longstreth

_____
Lamanda M. Sullivan

U:\A CLIENTS\L&H Trucking, Inc 2374\-01 Chapter 11\Pleadings\First Day Motions\DIP Financing\Amended DIP Financing\Exhibit B - Longstreth DIP Loan Agreement.docx

Page 8 of 8