IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: )
)
L & H TRUCKING COMPANY, INC. ) Case No.: 1-10-bk-06657
) Chapter 11
Debtor. )

**AMENDED ORDER AUTHORIZING THE DEBTOR TO OBTAIN DEBTOR IN POSSESSION FINANCING FROM LAWSON AND HELEN LONGSTRETH PURSUANT TO 11 U.S.C. §§ 105(a), 363, AND 364 AND RULES 4001(c), (d) AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Upon the motion ("Motion") of the Debtor[1] for entry of an order ("Order") authorizing the Debtor to obtain debtor in possession financing from Lawson and Helen Longstreth pursuant to 11 U.S.C. §§ 105(a), 363, and 364 and Rules 4001(c), (d) and 9014 of the Federal Rules of Bankruptcy Procedure, and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors, and other parties in interest; this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; the Motion is a core proceeding pursuant to 28 U.S.C. § 157; venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Debtor's bankruptcy estate will sustain substantial harm absent entry of this Order; the Debtor made a good-faith effort to solicit more favorable terms from other lenders; the Debtor is unable to obtain credit on more favorable terms than those stated in the Motion; the Debtor, the DIP Lenders and the parties hereto negotiated the terms of the financing agreement at arm-length; the terms of the financing agreement set forth in **Exhibit B** to the Motion satisfy the requirements of Bankruptcy Rule 4001(c); adequate notice of the Motion and opportunity for objection having been given, with no objections or requests for hearing having been filed; and no

---

[1] Capitalized terms used herein as defined terms and not otherwise defined shall have those meanings ascribed to them in the Motion and/or the exhibits attached thereto.

1

other notice need be given except as stated in this Order, after due deliberation and sufficient cause therefor, it is hereby

ORDERED

that:

1. The Motion is GRANTED in its entirety pursuant to the terms stated therein.

2. The Debtor is authorized to obtain financing from the DIP Lenders in the amount of $499,000.00 to be disbursed in accordance with the terms and provisions set forth in the Motion.

3. The DIP Lenders are authorized to secure the DIP Facility and any other debt owed by the Debtor to the DIP Lenders with the Properties.

4. The DIP Lenders shall not have any right to vote on any plan of reorganization, merger, consolidation, sale of assets or any other corporate action undertaken by the Debtor in this bankruptcy proceeding or the right to participate in and/or assert any claim or objection against Debtor's bankruptcy estate or any plan filed herein.

By the Court,

_____
Robert N. Opel, II, Bankruptcy Judge
(BI)

Dated: August 27, 2010

2
Case 1:10-bk-06657-RNO    Doc 73    Filed 08/27/10    Entered 08/27/10 16:19:14    Desc
Main Document    Page 2 of 2