IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| IN RE:<br><br>L & H TRUCKING COMPANY, INC.,<br><br>　Debtor(s). | Case No. 10-06657<br><br>Chapter 11 |
| L & H TRUCKING COMPANY, INC.,<br><br>　Movant(s),<br><br>v.<br><br>GENERAL ELECTRIC CAPITAL CORPORATION,<br><br>　Respondent(s). | |

### MOTION FOR ENTRY OF AN ORDER APPROVING THE SALE OF PROPERTY OF THE ESTATE FREE AND CLEAR OF ANY LIENS, CLAIMS, RIGHTS, INTERESTS, OR OTHER ENCUMBRANCES

The above-referenced debtor and debtor-in-possession (the "Debtor") moves this Court pursuant to §§ 105(a), 328, and 363(b) and (f) of the United States Bankruptcy Code, title 11 of the United States Code (the "Bankruptcy Code"), and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002 and 6004 for entry of an order approving the sale of certain trailers owned by the Debtor free and clear of liens, claims, rights, interests, or other encumbrances (the "Motion"). In support of this Motion the Debtor respectfully states as follows:

### JURISDICTION AND VENUE

1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. § 363.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

## BACKGROUND

4. On August 16, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its assets and continues to operate its business pursuant to 11 U.S.C. §§ 1107 and 1108.

5. Tri-State Trailer Sales, Inc. II (the "Purchaser") has agreed to purchase 54 Trailmobile trailers owned by the Debtor for $9,500.00 per trailer, for a total purchase price of $513,000.00 subject to any adjustments pursuant to the conditions described in the Purchase Agreement and Purchase Conditions (the "Purchase Agreement") attached as **EXHIBIT A**.

6. The Purchase Agreement was negotiated in good faith and at arms length.

7. General Electric Capital Corporation ("GECC") holds a properly perfected lien in the Trailers, securing a promissory note, Account Number 5884299-001, with a payoff balance as of September 1, 2010, of $385,446.98 (the "Trailmobile GECC Account"). See **EXHIBIT B**.

8. Upon information and belief, there are no other liens on the Trailers.

9. The Debtor and its advisors believe that a higher and better offer for the Trailers is unlikely.

10. The Debtor proposes to place the proceeds of the sale of the Trailers, after payment of allowed claims secured by the Trailers, in a special interest-bearing escrow account for the benefit of unsecured creditors of the bankruptcy estate.

11. If the sale contemplated by the Purchase Agreement is not timely completed, it will likely result in the Trailers sitting stagnant, depreciating, and subject to possible damage and vandalism, while any claims secured by the Trailers continue to grow.

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

12. If the Purchase Agreement is allowed by this Court and is consummated, it will allow the Debtor to pay the Trailmobile GECC Account in full, and will result in approximately $127,000 for the benefit of the bankruptcy estate.

13. Upon information and belief, GECC consents to the sale of the Trailers.

14. The Debtor proposes that any security interests or liens in the Trailers attach to the proceeds of the Trailers to the same extent, and with the same validity and priority as they held in the Trailers.

15. The Debtor submits that the Purchaser is a purchaser in good faith, and is eligible for the protections afforded by 11 U.S.C. § 363(m).

16. In order to allow the sale of the Trailers to proceed as quickly as possible, the Debtor requests that the Court make the order approving the sale effective and enforceable immediately upon entry.

## BASIS FOR RELIEF

17. The sale provisions of § 363(b)(1) of the Bankruptcy Code state that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of estate." Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

18. Section 363(f) of the Bankruptcy Code provides for a sale free and clear of liens if

(a) applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(b) such entity consents;

(c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(d) such interest is in bona fide dispute; or

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

3

Case 1:10-bk-06657-RNO    Doc 86    Filed 09/02/10    Entered 09/02/10 09:10:39    Desc
Main Document    Page 3 of 4

(e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

19. The sale of the Trailers should be authorized pursuant to § 363 of the Bankruptcy Code if sound business purposes exist for doing so. <u>In re Lionel Corp.</u>, 722 F.2d 1063, 1070-71 (2d Cir. 1983); <u>In re Martin</u>, 91 F.3d 395 (3d Cir. 1996).

20. The Debtor submits that adequate business and other justifications exist which merit judicial approval of the sale of the Trailers. The costs of the accruing loan interest secured by the Trailers will likely outweigh any potential benefit of waiting for a higher and better offer to purchase the Trailers.

21. The sale will add value to the Debtor's bankruptcy estate, and will enable it to distribute funds to unsecured creditors.

WHEREFORE, L & H Trucking Company, Inc., by counsel, respectfully requests that the Court enter the Proposed Order granting the Motion and granting such other and further relief as the Court deems appropriate under the circumstances.

Date: September __, 2010                Respectfully submitted,

                                        L & H TRUCKING COMPANY, INC.

                                        By: /s/ A. Carter Magee, Jr.
                                            Of Counsel

A. Carter Magee, Jr., Esq. (VSB #20284)
W. Joel Charboneau, Esq. (VSB #68025)
Garren R. Laymon, Esq. (VSB #75112)
Magee Goldstein Lasky & Sayers, P.C.
PO Box 404
Roanoke, VA 24003-0404
Telephone: (540) 343-9800
Facsimile: (540) 343-9898
Electronic Mail: glaymon@mglspc.com
*Counsel for the Debtor*

U:\A CLIENTS\L&H Trucking, Inc 2374\-01 Chapter 11\Pleadings\Motion to Sell Trailers\Sale Motion Final.doc

MAGEE GOLDSTEIN LASKY & SAYERS pc
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW